UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILLIAMS,

               Petitioner,

v.

FREDEANE ARTIS,

               Respondent.
                                       /

Case No. 2:21-cv-11422

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING MOTION TO DISMISS [9],
DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Anthony Williams filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2244 on June 4, 2021. ECF 1.[1] The Respondent warden of Williams' facility then moved to dismiss the petition as untimely. ECF 9.[2] Petitioner responded to the motion. ECF 11. Because Petitioner is in prison, the Court need not hold a hearing. E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will grant the motion to dismiss.

---

[1] Under the prisoner mailbox rule, a document is considered filed on the date signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (collecting cases). The petition was signed on June 4, 2021. ECF 1, PgID 15.

[2] The Court will order the Clerk to amend the case caption to reflect the proper Respondent in the present case, the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).

1

BACKGROUND

Petitioner pleaded no contest to State charges of first-degree criminal sexual conduct, child sexually abusive activity, and using a computer to a commit a crime. ECF 10-25, PgID 464–65. After his sentencing, Petitioner applied for leave to appeal to the Michigan Court of Appeals. ECF 10-31, PgID 538–49. The Court denied leave to appeal, *id.* at 537, and so did the Michigan Supreme Court on October 30, 2018, *People v. Williams*, 503 Mich. 888 (2018) (mem.).

Petitioner alleged that he moved for relief from judgment in the trial court on October 7, 2019. ECF 10-29; ECF 11, PgID 792 (Petitioner's dispute about when he filed the motion). The trial court denied the motion. ECF 10-30, PgID 536. The Michigan Court of Appeals later denied leave to appeal, ECF 10-32, PgID 669, and the Michigan Supreme Court denied leave to appeal the trial court's order on October 27, 2020, *People v. Williams*, 506 Mich. 942 (2020).

LEGAL STANDARD

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner must file a habeas petition no later than one year after the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

      recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). But the limitations period tolls while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Wall v. Kholi*, 562 U.S. 545, 550–51 (2011) (citing 28 U.S.C. § 2244(d)(2)).

AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court, however, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[P]etitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

## DISCUSSION

Petitioner's conviction became final on January 29, 2019, which was ninety days after the Michigan Supreme Court denied leave to direct appeal. *See Jimenez*, 555 U.S. at 119 (explaining that a conviction is final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R.

3

13(1). The limitations period ran uninterrupted until Petitioner moved for relief from judgment on October 7, 2019. ECF 10-29; ECF 11, PgID 792; *see Wall*, 562 U.S. at 550–51 (citing 28 U.S.C. § 2244(d)(2)). At that point, 251 days had lapsed. The Michigan Supreme Court then denied leave to appeal the trial court's order on October 27, 2020. *Williams*, 506 Mich. 942. And Petitioner filed his habeas petition more than 114 days later—on June 4, 2021. ECF 1.

Because Petitioner filed the petition well after the limitations period expired, the petition is untimely, absent equitable tolling of the limitation period or a credible claim of actual innocence.[3] *See McQuiggin v. Perkins*, 569 U.S. 383, 400 (2013).

Petitioner argued that the Court should grant equitable tolling because the COVID-19 restrictions at his prison prevented him from accessing the law library and legal materials. ECF 11, PgID 792–93. But the COVID-19 restrictions that he cited started in March 2021. *Id.* The limitations period already lapsed in February 2021. Thus, Plaintiff has not shown that "'some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quotation omitted).

Even if COVID-19 restrictions did hinder Plaintiff's legal research, the COVID-19 pandemic is not an extraordinary circumstance for equitable tolling without "fact-specific circumstances related to the pandemic that hindered [Petitioner's] ability to timely file a habeas petition." *Pryor v. Erdos*, No. 5:20cv2863, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021) (collecting cases). Lacking access to legal materials due to restricted prison movement is not an extraordinary circumstance for equitable

---

[3] Petitioner has not asserted a credible actual innocence claim. *See* ECF 1, PgID 21.

4

tolling. *Id.* at \*10 (collecting cases); *see also Hawkins v. McCauley*, No. 21-cv-10411, 2021 WL 4593958, at \*4–5 (E.D. Mich. Oct. 6, 2021) (Parker, J.); *Schoening v. Christianson*, No. 2:21-cv-11955, 2021 WL 4290242, at \*3 (E.D. Mich. Sept. 21, 2021) (Steeh, J.). To be sure "hundreds of Michigan prisoners timely filed habeas petitions despite the same institutional barriers that Petitioner faced. Petitioner fails to . . . demonstrate why he was unable to file his petition in light of prison restrictions while other prisoners were able to do so." *Schoening*, 2021 WL 4290242, at \*3. The Court will therefore decline to equitably toll the limitations period. As a result, the Court will grant the motion to dismiss.

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001); Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (cleaned up). And if the Court denies a petition for a writ of habeas corpus on procedural grounds, then the Court should issue a certificate of appealability when the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

5

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The Court will deny a certificate of appealability because "a plain procedural bar is present and the . . . [C]ourt is correct to invoke it to dispose of the case." *Id.* Thus, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [P]etitioner should be allowed to proceed further." *Id.* Last, the Court will deny Petitioner leave to appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **AMEND** the case caption to reflect that Fredeane Artis is the Respondent.

This is a final order that closes the case.

**SO ORDERED.**

            s/ Stephen J. Murphy, III
            STEPHEN J. MURPHY, III
            United States District Judge

Dated: August 2, 2022

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 2, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

7